**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **THE OXFORD COUNCIL OF CO-OWNERS** | § § § | |
| | § | **CIVIL ACTION NO. _____** |
| **vs.** | § | **JURY DEMANDED** |
| | § | |
| **HARTFORD INSURANCE** | § | |
| **COMPANY OF THE MIDWEST** | § | |

**ORIGINAL COMPLAINT**

**TO THE HONORABLE UNITED STATES DISTRICT JUDGE:**

Plaintiff The Oxford Council of Co-Owners, files this Original Complaint complaining of Hartford Insurance Company of the Midwest, and for cause of action would respectfully show the following:

**PARTIES**

1.      Plaintiff, The Oxford Council of Co-Owners ("Association" or "Plaintiff"), is a Texas non-profit corporation with its principal place of business in Harris County, Texas, which files this lawsuit.

2.      Defendant Hartford Insurance Company of the Midwest ("Hartford" or "Defendant") is an insurance company with its principal place of business in Hartford, Connecticut, and is engaged in the business of insurance operations in the state of Texas.  Hartford may be served through its attorney as follows:  Julia Rathgeber, Commissioner for the Texas Department of Insurance, Texas Department of Insurance, 333 Guadalupe St., Austin, Texas 78701, with directions to forward this Original Complaint and citation to Administrative Office, Hartford Insurance Company of the Midwest, One Hartford Plaza, Hartford, Connecticut 06155-0001.

## ACTION

3.      This suit involves the failure of an insurance carrier, Hartford, to pay a casualty claim under a policy of insurance purchased by the Association insuring the building and condominium units within the Association project (hereinafter "Condominium Regime").

## JURISDICTION AND VENUE

4.      This Court possesses jurisdiction pursuant to 28 U.S.C. § 1332 because the Association and Hartford are citizens of different states.  Venue of this action is proper in this district because the events giving rise to the cause of action alleged herein occurred in this judicial district, and Hartford conducts business in this judicial district.

## FACTUAL BACKGROUND

### Declaration, Bylaws, Rules and Regulations

5.      The Association consists of a 22-story building with two underground basement/parking areas.

6.      The Association was incorporated as a non-profit corporation for the purposes of, among other things, administering and operating the affairs of the Association, and the management, maintenance, preservation and architectural control of the residential units, common elements and common areas within the Condominium Regime.  The Board of Directors, pursuant to the Association's duly filed Declaration and Tex. Property Code §82.111, have the mandatory duty to all homeowners of units in the Association to obtain and maintain insurance coverage of the common elements of the Condominium Regime.

**Insurance Policy with Hartford Insurance**

7.      The Association purchased and is the owner of insurance Policy No. 87045857722015, issued by Hartford Insurance Company of the Midwest (hereinafter the "Policy"). A true and correct copy of the Flood Policy Declaration is attached as Exhibit A. The Policy covers and insures the Association's 22-story high rise building located at 5150 Hidalgo, Houston, Harris County, Texas 77056 (hereinafter "Property"). Hartford or its authorized agent sold the Policy insuring the Property to the Association.

8.      On or about May 26, 2015 a rainstorm and flooding struck Southeast Texas causing severe damage to all properties throughout the area, including the Association's Property. The Association's insured building sustained extensive flood and other damage.

9.      The Association submitted a flood casualty claim to Hartford under its Policy. The Association requested that Hartford cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.

10.      Hartford assigned Claim Number 87045857722015 to the Association's claim. Hartford, through its Flood Claims Processing Center assigned adjuster Barton Bennett and entities he was associated with to investigate the claim and submit his findings. Bennett reviewed the Association's proof of loss, inspected the Association's Property and based on these reviews, Hartford partially paid the Association a total of approximately $1,649,982.56 of the Association's $3,373,350.67 Proof of Loss on or about February 4, 2016. A copy of Hartford's February 4, 2016 letter is attached as Exhibit B.

11.      On April 1, 2016, the Association submitted a detailed Supplemental Claim and an Appeal of the items denied by Hartford. On April 18, 2016, Hartford filed its correction letter of

the February 4, 2016 letter regarding recoverable depreciation. A copy of Hartford's April 18, 2016 letter is attached hereto as Exhibit C.

12.     Prior to any further payment by Hartford, in August 2016, FEMA took the claim and file for review.  After its review, on September 21, 2016 FEMA returned the file to Hartford with instructions that the claim be completed and that the parties communicate directly so Hartford could obtain a full understanding of the adjustment and estimate. A copy of the September 21, 2016 FEMA letter is attached hereto as Exhibit D.  Hartford has failed to pay substantial monies to the Association though it freely admits monies are owed on the claim.  The one-year payment deadline from the last payment is approaching its expiration.

**Flood Claim Denied**

13.     Hartford has failed to timely complete and pay the Association's claim as obligated under the Policy, Texas law and Federal law.   By failing to complete this process by February 4, 2017, Hartford appears to be attempting to avoid future payments.

**Causes of Action and Damages**

14.     The actions, conduct, omissions and misrepresentations of Hartford described hereinabove constitute (a) breach of contract, (b) breach of express warranty, (c) breach of the duty of good faith and fair dealing, (d) common law fraud, (e) violations of the Texas Deceptive Trade Practices – Consumer Protection Act ("DTPA"), Tex. Bus. & Com. Code Ann. §17.41, *et seq.,* (f) violations of the Texas Insurance Code, Unfair Settlement Practices, TEX. INS. CODE §541.060, et seq., and (g) violation of the Texas Insurance Code, Prompt Payment of Claims, Tex. Ins. Code §542.055, et seq., each of which was the proximate and producing cause of the actual and consequential damages sustained by the Association.  The Association has sustained actual and

consequential damages in the amount of at least $700,000.00 for which Hartford is liable to the Association.

**Specific Insurance Code Violations**

15.     The acts, conduct, omissions, failures and misrepresentations of Hartford have violated Sections 541.060 (a)(1), (a)(2)(A)o, (a)(3), (a)(4), (a)(7), Sections 542.055, 542.056, and 542.058 of the Texas Insurance Code.  The acts, conduct and misrepresentations of Hartford were done knowingly and violated the provisions of §541.060 of the Insurance Code, including, but not limited to, the following:

(a)     Hartford had misrepresented to the Association that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence.  Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(1).

(b)     Hartford failed to make an attempt to timely settle the Association's claim in a fair manner, although they were aware of their liability to the Association under the Policy.  Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE Section 541.060(a)(2)(A).

(c)     Hartford failed to affirm or deny coverage of the Association's claim within a reasonable time. Specifically, the Association did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Hartford. Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060(a)(4).

(d)     Hartford refused to fully compensate the Association, under the terms of the Policy, even though Hartford failed to conduct a reasonable investigation. Specifically, Hartford performed an outcome-oriented investigation of the Association's claim, which resulted in a biased, unfair and inequitable evaluation of the Association's losses to the Property. Hartford's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE Section 541.060 (a)(7).

16.     All conditions precedent to the Association's claims against Hartford have been performed or have occurred.

17.     Hartford has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to the Association.

## ATTORNEY'S FEES

18.     As a result of the acts, conduct and misrepresentations alleged above, the Association was required to retain the services of the undersigned counsel and, pursuant to Tex. Civ. Prac. & Rem. Code Ann. § 38.001 as well as Tex. Bus. & Comm. Code Ann. § 17.50(d), the Association is entitled to reasonable and necessary attorney fees and costs through the trial and any unsuccessful appeal by Hartford of any adverse judgment entered against it herein.

## PRAYER

For these reasons, the Association asks for judgment against Hartford for the following:

a.      At least $700,000.00 for damages resulting from Hartford's breach of the Policy;

b.      At least $700,000.00 pursuant to the Texas Insurance Code and the Texas DTPA;

c.      Additional damages of not more than three times the economic damages awarded to the Association pursuant to the Texas DTPA;

d.      At least $25,000.00 in attorney fees and all costs through the trial of this case, together with reasonable and necessary attorney fees through any unsuccessful appeal by Hartford of any adverse judgment entered against it herein; and

e.      All such other and further relief, both legal and equitable, to which the Association may show itself to be justly entitled.

Respectfully submitted,

*FRANK, ELMORE, LIEVENS,*
*CHESNEY & TURET, L.L.P.*


/s/ *William L. Van Fleet*

**William L. Van Fleet II**
Federal Bar No. 3670
State Bar No. 20494750
bvfleet@comcast.net
**Jerry L. Elmore**
State Bar No. 06590000
jelmore@felct.com
9225 Katy Freeway, Suite 250
Houston, Texas 77024
713-224-9400 Telephone
713-224-0609 Fax

*Attorneys for The Oxford Council of Co-Owners*